UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PEDRO SIMON-JUAN,
Petitioner,
v.
PATRICK DIVVER, et al.,
Respondents.

Case No.: 26-cv-4659-RSH-JLB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

[ECF Nos. 1, 2]

On August 14, 2026, petitioner Pedro Simon-Juan, an immigration detainee proceeding pro se, filed a petition for writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. Petitioner has also moved for appointment of counsel. ECF No. 2. Respondents have filed a return. ECF No. 7.

This is Petitioner's third habeas petition filed in recent months. *See* Case No. 26-cv-1015 (petition filed Feb. 11, 2026; denied on March 12, 2026); Case No. 26-cv-2237 (petition filed April 8, 2026; denied on June 11, 2026). A habeas petition is subject to dismissal when it is repetitive or duplicative. *See, e.g.*, *Salas v. Att'y Gen.*, No. 2:23-cv-1118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). The Petition alleges that the revocation of Petitioner's parole violated due process because he was not provided

with "notice and an opportunity to be heard." ECF No. 1 at 7-8. The claims regarding the revocation of Petitioner's parole are repetitive to the claims brought in his second petition. *Compare id.*, *with* Case No. 26-cv-2237, ECF No. 9 at 7-10 ("[T]he government's revocation of Mr. Simon Juan's release without reasoning or an opportunity to be heard, denied Petitioner of his due process rights.").

Petitioner brings a new claim in his third petition challenging his purported "mandatory detention" under 8 U.S.C. § 1225. ECF Nos. 1 at 6; 1-4. But at Petitioner's bond hearing in August 2025, an immigration judge determined Petitioner was a flight risk due to "his prior convictions and disregard for immigration law." ECF No. 7-2 at 1. Petitioner is required to exhaust his administrative remedies through an appeal to the BIA before seeking habeas review of the immigration judge's adverse bond determination. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Petitioner has not exhausted his administrative remedies here.

Accordingly, the Petition is **DENIED** [ECF No. 1]. The Court likewise **DENIES** Petitioner's motion for appointment of counsel [ECF No. 2]. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (stating that the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances"). The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: September 17, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge